BENNET *vs.* DODD.

*A recognizance in error* to remove a cause into the supreme court is good, taken before *any judge* of the common pleas.

TRIAL by record. This was an action of debt on *recognizance of bail in error.* The declaration stated a judgment in the Washington common pleas, in favor of the plaintiff against J. D.; that afterwards the defendant in this cause, together with two other persons, entered into a recognizance before the Hon. John Baker, *one of the judges* of the Washington common pleas, whereby they *severally* acknowledged themselves indebted to the plaintiff in this cause in the sum of $150, conditioned for the prosecution of a writ of error,

August 5th.

Bennet
v.
Dodd.

and on affirmance of the judgment to pay the debt, damages and costs, and costs and damages of delay of execution; which recognizance it was averred the judge subsequently brought into court to be enrolled, and it was accordingly enrolled. The declaration then stated an affirmance of the judgment, &c. The defendant pleaded *nul tiel record* as to the judgments and the recognizance, on which issue was joined, and the records were now brought into court.

*S. Stevens,* for the defendant, objected that the recognizance was void because not taken *in court* or before an officer authorised to take it in vacation. The act concerning writs of error, 1 *R. L.* 143, contemplates that the recognizance shall be taken in the court in which the judgment is given; and though by a subsequent act, 2 *R. L.* 149, the first judge of a court of common pleas, or any other judge of such court of the degree of counsel, is authorised to do certain acts in vacation, it is not averred that Judge Baker was either first judge, or of the degree of counsel.

*M. T. Reynolds,* for the plaintiff, insisted that the validity of the recognizance was not inquirable into on the issues joined in this cause; for aught that appeared, Judge Baker might be of the degree of counsel.

*By the Court,* MARCY, J. It is admitted that the recognizance would be good if taken before the first judge of the Washington common pleas, or any other judge of the degree of counsel. If so it is good, taken before any judge of such court, though he be not first judge, or of the degree of counsel. The statute referred to in 2 *R. L.* 149, does not *confer* the power of taking recognizances of bail, either special bail or bail in error. The authority must therefore be looked for in the incidental powers of a judge of the court of record. The recognizance is a record of a domestic tribunal, and as such imports absolute verity, and will be so considered. If on the face of the record it was discovered to be a mere nullity, as if taken before an officer not authorised to take it, it would be treated accordingly. Such, however, is not the case here. The plaintiff is entitled to judgment.